T. F. GREENLEE v. THE IOWA STATE INSURANCE COMPANY, Appellant.

**Insurance:** INCUMBRANCES: *Construction of policy.* The existence of a mechanic's lien on the "west 77 feet of the east 90 feet" of a specified lot does not show the breach of a condition against incumbrances in an insurance policy upon a specified building "situate on" such *lot*.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

MONDAY, MAY 17, 1897.

ACTION on an insurance policy, dated February 17, 1894, covering a three-story brick building, under which there was a total loss, July 28, of the same year. The policy requires a true statement of all existing incumbrances to be made in the application, and provides that any misrepresentation or concealment therein shall render the policy void. The application indicated a mortgage of ten thousand dollars, but no other incumbrances. The defendant, in its answer, alleges that certain mechanic's liens had been filed against the property insured, which were afterwards foreclosed, and a sale had thereunder, and that by reason thereof, the conditions against incumbrances were violated, and the policy rendered void. Trial to jury. Judgment on verdict directed for plaintiff, and defendant appeals.—*Affirmed.*

*McVey & McVey* for appellant.

*J. J. Mosnat* for appellee.

LADD, J.—The clause in the insurance policy describing the property is this: "$2,500.00 on his three-story brick building, occupied by tenants for store and office purposes, situate on lot 2, block 3, Hutton's addition to Belle Plaine, Benton county, Iowa." The defendant, to sustain the allegation of its answer alleging the existence of incumbrances rendering the policy void, offered in evidence a mechanic's lien claimed by Robert F. Smith, filed September 2, 1893, against "the west 77 ft. of the east 90 ft. of lot 2 in block 3 of Hutton's addition to the town of Belle Plaine, and all buildings situated thereon," and a decree foreclosing the same; also, a mechanic's lien claimed by J. F. Atkinson, filed September 4, 1893, against "the west 78 ft. of the east 98 ft." of the same lot, with buildings thereon, the decree foreclosing this lien, and the record of sale thereunder. Objection to each of these offers, on the ground that the evidence "did not show or tend to show any violation of any of the terms or conditions of the policy," was sustained. There was no evidence that the building on the land described in the liens and decrees was the same as that covered by the policy of insurance, and no offer was made to prove this. Whether it was the same, we have no means of ascertaining. The fact that only a part of the lot is described in the liens and decrees seems to indicate that it was subdivided, or that there may have been more than one building on the same lot. That several buildings are often erected on a single lot is a matter of common observation. There is no more reason for supposing a portion of the lot vacant, and only one building thereon, located on the part described, or a single building covering the entire lot, than that several buildings were on the same lot. One of the objects in describing the building was for the purpose of identification; and, had that insured been the same

as that against which liens were filed, such fact could have been readily proven. As the evidence offered did not establish any breach of the conditions of the policy against incumbrances, it was not error to exclude it. What has been said disposes of the case, and other questions argued are not considered.— AFFIRMED.